# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DEREK THOMASON,

       Plaintiff,

  vs.

CITY OF FOWLER, *et al.,*

       Defendants.
_____/

Case No. 1:13-cv-00336-AWI-BAM

**AMENDED SCHEDULING CONFERENCE ORDER**

**Discovery Deadlines:**
    Initial Disclosures: December 4, 2013
    Expert Disclosures: May 30, 2014
    Supplemental Expert Disclosures: June 13, 2014
    Non-Expert Discovery: July 10, 2014
    Expert Discovery: July 16, 2014

**Amendments to the Pleadings:** December 16, 2013

**Motion Deadlines:**
    Non-Dispositive Filing: June 18, 2014
    Dispositive Filing: June 25, 2014

**Settlement Conference:** Not Set

**Pre-Trial Conference:**
    October 15, 2014 at 8:30 AM
    Courtroom 2, 8th Floor

**Trial:**
    December 2, 2014 at 8:30 AM
    Courtroom 2, 8th Floor
    Jury Trial: 5 days estimated

**1.    Date of scheduling conference**

    November 4, 2013.

**2.     Appearances of Counsel**

Counsel Kunti Dudakia appeared telephonically on behalf of Plaintiff. Counsel Jenell VanBindsbergen appeared in person for Defendants.

**3.     Consent to the Magistrate Judge**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Barbara A. McAuliffe, U.S. Magistrate Judge.

District Court Judges of the Fresno Division of the Eastern District of California now have the heaviest caseload in the nation. As a result, each District Judge schedules multiple trials to begin on each available trial date. Civil cases will "trail" and begin as soon as a courtroom is cleared. The law requires that the Court give any criminal trial priority over civil trials or any other matter. A civil trial set to begin while a criminal trial is proceeding will trail the completion of the criminal trial.

The Court can not give advance notice of which cases will trail or for how long because the Court does not know which cases actually will go to trial or precisely how long each will last. Once your trial date arrives, counsel, parties and witnesses must remain on 24 hour stand-by until a court opens. Since continuance to a date certain will simply postpone, but not solve, the problem, continuances of any civil trial under these circumstances will no longer be entertained, absent a specific and stated finding of good cause. The Court will use its best efforts to mitigate the effect of the foregoing and to resolve all cases in a timely manner.

One alternative is for the parties to consent to a United States Magistrate Judge conducting all proceedings, including trial and entry of final judgment, pursuant to § 28 U.S.C. 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. The Eastern District Magistrate Judges, all experienced former trial lawyers, use the same jury pool and same court facilities as United States District Court Judges. Since Magistrate Judges do not conduct felony trials, they have greater flexibility and schedule firm trial dates. Judgment entered by a United States Magistrate Judge is appealable directly to the United States Court of Appeal for the Ninth Circuit. (While there are scheduling benefits to consenting to Magistrate Judge jurisdiction, substantive rulings and decisions will not be affected by whether a party chooses to consent or not.)

As another response to its large caseload, the Fresno Division of the Eastern District of California is assigning cases, whenever possible, to Article III District Court Judges from around the nation as Visiting Judges.  Pursuant to the Local Rules, Appendix A, such reassignments will be random, and the parties will receive no advance notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.

**4.     Amendment To The Parties' Pleadings**

All stipulated amendments or motions to amend shall be filed by **December 16, 2013.**

**5.     Fed. R. Civ. P. 26(a)(1) Initial Disclosures**

Initial disclosures shall be completed no later than **December 4, 2013.**

**6.     Discovery Plan and Cut-Off Dates**

Initial expert witness disclosures by any party shall be served no later than **May 30, 2014.** Supplemental expert witness disclosures by any party shall be served no later than **June 13, 2014.** Such disclosures must be made pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) and shall include all information required thereunder.  In addition, Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions.  Each expert witness must be  prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness.  In particular, this Court will enforce preclusion of testimony or other evidence if Fed. R. Civ. P. 26(e) is not strictly complied with.

All non-expert discovery, including motions to compel, shall be completed no later than **July 10, 2014.**  All expert discovery, including motions to compel, shall be completed no later than **July 16, 2014.**  Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time.  A parties' failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

**7.	Pre-Trial Motion Schedule**

All Non-Dispositive Pre-Trial Motions, excluding discovery motions, shall be filed by **June 18, 2014.** Non-dispositive motions will be heard in Courtroom 8 before Magistrate Judge McAuliffe. Before scheduling such motions, the parties shall comply with Local Rule 230 or Local Rule 251. Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar. In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent Judge McAuliffe's chambers by email to bamorders@caed.uscourts.gov.

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge McAuliffe shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limitations do not include exhibits. Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the Court.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to so do is made to Judge McAuliffe's Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one party requests to appear by telephone, it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the Court.

All Dispositive Pre-Trial Motions shall be filed no later than **June 25, 2014** and heard in Courtroom 2 before the Honorable Anthony W. Ishii, Chief United States District Court Judge. In scheduling such motions, the parties shall comply with Local Rules 230 and 260.

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the

issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above and set forth a statement of good cause for the failure to meet and confer.

**8.  Pre-Trial Conference Date**

The pre-trial conference will be held on **October 15, 2014**, at 8:30 a.m. in Courtroom 2 before the Honorable Anthony W. Ishii.

The parties are ordered to file a Joint Pretrial Statement pursuant to Local Rule 281(a)(2). The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3 format, directly to Judge Ishii's chambers by emailing it to awiorders@caed.uscourts.gov.

The parties' attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

**9.  Trial Date**

The trial will be held on **December 2, 2014** at 8:30 a.m. in Courtroom 2 before the Honorable Anthony W. Ishii, Chief United States District Court Judge.

   a.   A jury trial has been requested.

   b.   Parties' Estimate of Trial Time: 5 days.

   c.   The parties' attention is directed to Local Rules of Practice for the Eastern District of California.

**10.  Settlement Conference**

A Settlement Conference has not been scheduled. The parties are advised to contact the Court if they determine that a settlement conference would be beneficial. If a settlement conference is set, the parties are advised that unless otherwise permitted in advance by the Court, the attorneys who will

try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

**11.    Effect of this Order**

The foregoing order represents the best estimate of the Court and the parties as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions, including but not limited to, dismissal of this action.

IT IS SO ORDERED.

Dated:   **November 14, 2013**                    /s/ *Barbara A. McAuliffe*
                                                                       UNITED STATES MAGISTRATE JUDGE