UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK THOMASON,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF FOWLER, FOWLER CITY MANAGER DAVID ELIAS, an individual, POLICE CHIEF MICHAEL BRAND, an individual, and TEN UNKNOWN NAMED EMPLOYEES OF THE CITY OF FOWLER,<br><br>        Defendants. | Case No.: 1:13-CV-00336-AWI-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL** |

## I.     INTRODUCTION

Before the Court is Plaintiff Derek Thomason's ("Plaintiff") Motion to Compel Production of Documents and Deposition Answers.  (Docs. 62, 67.) The Parties filed joint discovery statements on August 22, 2014. (Doc. 67). The Motion was heard on August 29, 2014, at 9:00 AM, before the United States Magistrate Judge Barbara A. McAuliffe. Counsel Kaveh Navab personally appeared on behalf of Plaintiff Derek Thomason ("Plaintiff").  Counsel Jenell VanBindsbergen personally appeared on behalf of the Defendants.  Having considered the joint statement of the parties, argument presented at the hearing, as well as the Court's file, the motion is DENIED.

<mark>Case 1:13-cv-00336-AWI-BAM   Document 73   Filed 09/09/14   Page 2 of 9</mark>

## II. BACKGROUND

### A. Factual Background

This action for damages arises from the termination of Plaintiff Derek Thomason from his employment with Defendant City of Fowler ("City") by individual defendants City Manager David Elias ("Elias") and Police Chief Michael Brand ("Brand," collectively "Defendants"). Plaintiff alleges that he was a whistleblower when he notified the Fowler City Council that there was a large backlog of un-filed criminal cases at the Fowler Police Department ("FPD") and that FPD would not act to prosecute those responsible. He alleges that he was wrongfully terminated as a result of these actions. In his complaint, Plaintiff alleges claims for violation of his free speech rights under the First Amendment in violation of 42 U.S.C. § 1983, state law claims for violation of various California Labor Code statutes and intentional infliction of emotional distress, and wrongful termination in violation of public policy under California common law. (Doc. 1).

### B. Relevant Procedural Background

Plaintiff filed this action on March 8, 2013. On November 4, 2013, the parties participated in an Initial Scheduling Conference. (Doc. 39). The Court reviewed the parties' joint recommendations, and on November 13, 2013, entered a Scheduling Order requiring all non-expert discovery, including motions to compel, be completed by July 10, 2014. (Doc. 42 at 3). The Scheduling Order stated that all discovery, including motions, were to be completed by the cut-off date. (Doc. 42 ("Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time.")) The parties stipulated on June 10, 2014 to a continuance of the non-dispositive and dispositive motion deadlines. (Doc. 58). The stipulation was granted in part and denied in part, and the Court extended the non-dispositive motion filing deadline to July 23, 2014. (Doc. 59). In that order, the Court reminded the parties that their "failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely." (Doc. 59). On July 2, 2014, the parties filed another stipulation requesting a five-day extension of the non-expert discovery deadline to July 17, 2014 for the limited purpose of completing additional fact and expert witness depositions. (Docs. 60, 61).

<mark>- 2 -</mark>

The following day, the Court granted the parties request for an extension. On July 23, 2014, Plaintiff's Motion to Compel followed.

### C. Background of the Parties' Discovery Efforts

Since discovery opened, Plaintiff has propounded four sets of requests for production of documents (RFP), totaling over 270 specific document requests. Shortly after the scheduling order issued, Plaintiff first propounded RFP's on Defendants Elias, Brand, and Fowler beginning on November 22, 2013. Declaration of Kunti Dudakia, "Dudakia Decl.", at ¶¶ 2-7. Dudakia Decl. at ¶ 2. Defendants sent responses on January 27, 2014. Dudakia Decl., at ¶¶ 6-7. Defendant Fowler sent a second supplemental response on April 25, 2014. Plaintiff sent a second set of RFP's on February 24, 2014, and Defendants responded on April 9, 2014. Dudakia Decl., at ¶ 7. Plaintiff then sent a third set of RFP's to Defendant Fowler on May 30, 2014 who responded on June 30, 2014. Kirby F. Cañon, "Cañon Decl.", at ¶ 13. Most recently, on June 10, 2014, Plaintiff sent RFP's, Set Three to Defendants Brand and Elias and Set Four to Defendant Fowler and received responses on July 10, 2014. Cañon Decl., at ¶ 14

Beginning on June 24, 2014, Plaintiff sent a meet and confer letter regarding what he believed were deficient responses to Plaintiff's first set of RFP's propounded on November 22, 2013. Plaintiff's primary concern was that Defendants refused to produce several categories of documents based on a variety of privilege objections. Plaintiff argued in his meet and confer letter that Defendants responses were inadequate, not subject to any privileges, and should have been accompanied by a privilege log. Navab Decl., at ¶ 5.

On July 7, 2014, Defendants responded to Plaintiff's meet and confer letter to Plaintiff reasserting its privilege objections and on July 9, 2014, Plaintiff's counsel contacted Defendants' counsel via phone to discuss Defendants continued unwillingness to respond to Plaintiff's discovery requests and failure to provide an adequate privilege log. Navab Decl., at ¶ 5. During that meet and confer, Defendants agreed to produce a limited privilege log.

On July 21, 2014, counsel for Plaintiff and Defendants met and conferred again, for two hours, to resolve all outstanding issues by telephone. Cañon Decl., at ¶ 17. As a result of these meet and confer efforts, the parties reached an agreement as to several discovery requests. *Id.* However, the parties were

unable to reach a mutually agreeable resolution on other specific requests for production and issues. *Id.* As a result of the unsuccessful attempts to meet and confer on the outstanding discovery issues, Plaintiff filed the instant motion to compel on July 23, 2014—the non-dispositive discovery deadline—and set a hearing for August 29, 2014. (Doc. 30). The Court issued a minute order reminding the parties to comply with Local Rule 251 which requires the moving party to file a joint statement addressing the parties' discovery dispute. (Doc. 63). Defendant provided Plaintiff their response to the joint statement on August 14, 2014 and the parties filed their joint statement on August 22, 2014. (Doc. 67).

### D. Plaintiff's Motion for Requests for Production and Deposition Answers

Out of 272 individual RPD's, the majority of the requests remain in dispute. Plaintiff states that Defendants provided sufficient responses to only twenty-six RFP's, and that 246 requests are disputed. Instead of reproducing all 246 RFP's in dispute, Plaintiff identifies several "categories" of contested discovery, which include documents related to Defendants' personnel files, internal investigation documents, prior complaints, policy manuals, disciplinary issues, communications between Defendants, and documents Defendants intend to rely on for a motion for summary judgment, as well as challenges related to the deposition of former Chief of Police Darrell Jamgochian. Plaintiff argues that despite the basic nature of these requests, Defendants failed to adequately produce documents or provide an appropriate privilege log. Navab Decl., at ¶ 2; Cañon Decl., at ¶¶ 6, 15.

Plaintiff's Motion seeks an order compelling Defendants the City of Fowler, Fowler City Manager David Elias, and Police Chief Michael Brand to: (1) adequately respond to discovery; (2) provide an adequate privilege log and produce any allegedly privileged documents in camera for the Court's review; (3) produce the underlying documents supporting Defendants' Motion for Summary Judgment or enter an order barring Defendants from using these "privileged" documents to defeat liability; and (4) produce former Chief of Police Darrell Jamgochian for 1-2 hours of future deposition testimony at Defendants' expense.

In addition to objecting to the nature of Plaintiff's discovery requests, Defendants object to the Motion to Compel as untimely. According to Defendants, Plaintiff waited over five months to begin the meet and confer process and only tried to meet and confer by telephone on the day before the non-dispositive motion cutoff.

## DISCUSSION

**A.     Legal Standard for Modifying the Scheduling Order**

Pursuant to the Court's amended scheduling order, the discovery deadline in this action expired on July 17, 2014. Plaintiff's motion to compel seeks additional discovery after fact discovery has closed. Therefore, any relief ordered by this Court would require a modification of the scheduling order to be modified. Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir.1986).

Rule 16 "recognizes the inherent power of the district court to enforce its pretrial orders through sanctions, Fed. R. Civ. P. 16(f), and the discretion of the district judge to apply an appropriate level of supervision as dictated by the issues raised by each individual case." *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2009) (citing e.g., Fed. R. Civ. P. 16(c)(2)), *cert. denied*, 557 U.S. 918 (2009). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610.

The Ninth Circuit has clarified why the Rule 16 deadlines should be taken seriously:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005); *see also, Singh v. Arrow Truck Sales, Inc.*, 2006 U.S. Dist. LEXIS 47917, 2006 WL 1867540, at *2 (E.D. Cal., July 5, 2006) ("Rules are rules - and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the

foreseeable consequences of noncompliance"), *citing Legault v. Zambarano*, 105 F.3d 24, 28-29 (1st Cir. 1997).

The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets by recognizing the importance of a "district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the [party's] prior discovery efforts were not diligent." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006). "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Id*. As the Ninth Circuit has emphasized, "[d]istrict courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion." *Id.* (citation and internal quotation marks omitted).

### B. Plaintiff's Motion is Not Timely Pursuant to the Scheduling Order

Although the Federal Rules of Civil Procedure place no time limit on the outside date for the filing of a motion to compel discovery, motions to compel filed after the close of discovery generally are deemed untimely. *See, e.g., Watts v. Allstate Indem. Co*., 2012 U.S. Dist. LEXIS 153136, 2012 WL 5289314 (E.D. Cal., 2012); *Clinton v. California Dept. of Corporations*, 2009 U.S. Dist. LEXIS 42205, 2009 WL 1308984 (E.D. Cal., 2009). "Greater uncertainty occurs where the motion is made very close to the discovery cut-off date." *In re Sulfuric Acid*, 231 F.R.D. 331, 333 (N.D. Ill. 2005). Generally, "the matter is left to the broad discretion possessed by the district courts to control discovery." *Id.*

Pursuant to the Court's initial scheduling order, later modified by the parties' stipulated request for continuance of the fact and expert discovery deadlines, fact discovery closed in this case on July 17, 2014. (Doc. 42, 61). The initial scheduling order stated that all non-expert discovery, including motions to compel, shall be completed no later than July 10, 2014. (Doc. 42 at 3). The parties later requested a five-day extension of the fact discovery cut-off for the limited purpose of conducting three depositions. (Doc. 60). On July 3, 2014, the Court granted the parties' stipulation and extended the non-expert discovery deadline to July 17, 2014. (Doc. 61). Thus, all discovery was due on or before July 17, 2014. (Doc. 61).

The parties also requested on June 10, 2014 an extension of the non-dispositive discovery deadline. The Court granted the parties' request in part and continued the non-dispositive motion deadline to July 23, 2014. In granting the stipulation, the Court warned the parties that compliance with the non-dispositive motion filing deadline requires motions to "be filed and *heard* sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted time period." (Doc. 59). The Court further cautioned that "a parties' failure to have a dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely." (Doc. 59).

The Court finds Plaintiff's motion is untimely. Plaintiff filed his motion to compel on July 23, 2014, the last day of the non-dispositive motion deadline and noticed the hearing for August 29, 2014— six weeks after the close of discovery. Even assuming that Plaintiff operated under a belief that his motion to compel was timely filed on the day of the non-dispositive deadline, Plaintiff noticed his hearing for thirty-seven days after the non-dispositive deadline, and well after discovery had closed. By noticing the hearing on the Motion to Compel after the close of fact discovery and after the last day of the non-dispositive motion deadline, the Court cannot provide any effective relief at this stage without modifying the scheduling order.

Further, this discovery dispute is massive. The parties have submitted over 815 pages of exhibits and supporting declarations and over 113 pages of points and authorities seeking to compel over 200 Requests For Production. The fact discovery phase of this case is long over and the dispositive motion deadline expired on July 30, 2014. Indeed, Defendants filed its motion for summary judgment on July 30, 2014 and Plaintiff filed his opposition on August 29, 2014. (Docs. 64, 70). The Court would be required to extend all pre-trial and trial deadlines to determine this motion and require production of such massive amounts of discovery. The Court is not inclined to further extend discovery deadlines, without good cause. Thus, the Court finds Plaintiff's Motion is not timely.

### C. Unnecessary Delay in Seeking Adequate Discovery

Good cause does not exist to modify the scheduling order in this case. Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, J*ohnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff's first set of RFP's were sent to Defendants shortly after discovery opened in this case on November 22, 2013. Between February 24, 2014 and June 10, 2014, Plaintiff propounded three

additional sets of RFP's.  While Plaintiff maintains throughout his Motion that Defendants repeatedly objected to these Requests for Production and lodged multiple boilerplate privilege objections without producing a privilege log, plaintiff did not bring these responses to the Court's attention.[1]  Despite the inadequate discovery responses, Plaintiff failed to notify the Court about the parties' discovery disputes or seek relief until the instant motion was filed July 23, 2014.  Thus, five months passed before Plaintiff sought relief from the Court through either a formal motion or an informal discovery conference.

Moreover, the Court finds that efforts at meet and confer were not diligent.  While discovery requests were propounded as early as November, some were served as late as June 10, 2014.  This selected timing meant that the discovery would be responded to on the last day of the discovery cut off.  Much of the dispute centers upon these later served RPD.  Further, from the Court's review of the record, the serious meet and confer attempts did not begin until late June 2014.  With a discovery cut off of July 10, and nondispositive motion cut off of July 23, 2104 looming, this meet and confer timing fails to satisfy diligence to support good cause to modify the scheduling order.

Certainly, Plaintiff is entitled to delay discovery as a part of a broader litigation strategy, but that strategy is not without risk.  Discovery disputes are a common component of any civil matter, and they should be anticipated. Discovery disputes are not grounds which render a litigant "unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order." *Kuschner v. Nationwide Credit, Inc*., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Plaintiff's belated attempt to conduct or compel discovery in this case does not constitute good cause to modify the scheduling order. A district court has an ongoing obligation to construe and administer the federal rules "to secure the just, speedy, and inexpensive determination of every action and proceeding" (see Fed. R. Civ. P. 1). Numerous courts within the Ninth Circuit have declined to modify scheduling orders to accommodate late discovery because to do otherwise would jeopardize the orderly resolution of that case and disrupt the court's overall management of its busy docket. *See*

---

[1] Plaintiff has brought discovery disputes to the Court's attention previously.  In an informal discovery conference, the Court granted Plaintiff's request and set a date and time for the percipient witness deposition. (Doc. 46). Again on January 6, 2014, a month after the start of discovery, the Court held another informal discovery conference where Plaintiff argued that Defendants failed to adequately respond to discovery.  The Court again granted relief in Plaintiff's favor and ordered Defendants to produce documents responsive to Plaintiff's discovery requests by no later than 4:00pm on January 8, 2014. (Doc. 49).

*Gerawan Farming, Inc. v. Rehrig Pacific Co.*, 2013 U.S. Dist. LEXIS 17507, 2013 WL 492103 *6 (E.D. Cal. 2013) (both parties' motions to compel filed on the last day of discovery deemed untimely because it would result in the court ordering discovery after the cutoff date); *Oliva v. National City Corp.*, 2010 U.S. Dist. LEXIS 56362, 2010 WL 1949600 *4 (D. Nev. 2010) (motion to compel filed seven weeks after close of discovery and three weeks after deadline to file dispositive motions denied as untimely).

Plaintiff has failed to argue or show good cause for modifying the scheduling order. Further, Plaintiff has not demonstrated diligence in attempting to comply with the Court's discovery and motion deadlines as they relate to this motion. Whether the delay in discovery resulted from Defendants lack of cooperation or Plaintiff's litigation strategy, the Court cannot provide relief at this late hour. Plaintiff has not shown that he engaged in diligent discovery in this matter and there is no good cause to amend the scheduling order.

## IV. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel is DENIED in its entirety.

IT IS SO ORDERED.

Dated: **September 9, 2014**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE